Taxes; interest on accumulated earnings tax; res judicata. — This case came before the court on the parties’ cross-motions for summary judgment. Upon consideration of the parties’ briefs and oral arguments, the court concludes *1136 that its consideration of plaintiff’s claim for recovery of interest on taxes allegedly erroneously collected is barred by the doctrine of res judicata. The order of October 26, 1973 dismissing the petition includes the following:
Before Davis, Presiding Judge, Skelton and Kunzig, Judges.
“Plaintiff’s assertion under the rule of Motor Fuel Carriers, Inc. v. United States, 190 Ct. Cl. 385, 420 F. 2d 702 (1970), that interest on accumulated earnings tax imposed under I.R.C. § 531 does not begin to accrue until more than 10 days after the date of demand on taxpayer, was properly a matter for litigation as part of plaintiff’s more general claim for refund of taxes and interest denied by the Federal District Court for the District of South Carolina at 341 F. Supp. 962 (1970), aff’d, 453 F. 2d 1100 (4th Cir. 1972). Hence, plaintiff’s claim here for such interest is prohibited by the holding in Commissioner v. Sunnen that
“* * * when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound ‘not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.’
333 U.S. 591, 597 (1948).
“The South Carolina District Court expressly found that it was a competent forum to entertain plaintiff’s refund claim. 341 F. Supp. at 967. This finding was unaffected by its subsequent order of January 18, 1971, dismissing plaintiff’s motion for rehearing or alteration of judgment on the ground that the court ‘lacked jurisdiction’ over the interest count. That order in fact represented a decision on the merits that plaintiff’s failure to comply with the requirements of I.R.C. § 7422(a) denied him a cause of action for interest recovery. Cf., Ralston Steel Corp. v. United States, 169 Ct. Cl. 119, 124-26, 340 F. 2d 663, 667-68, cert. denied, 381 U.S. 950 (1965).
“it is therefore ordered that defendant’s motion for summary judgment is granted; plaintiff’s motion is denied; and the petition is dismissed.”